UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jose Escalona Zambrano (A-Number: A-221-031-066), Petitioner, v. U.S. Attorney General; ICE, Respondents. | No.  1:26-cv-02484-KES-CDB (HC) ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND REQUIRING IMMEDIATE RELEASE Doc. 1 |

Petitioner Jose Escalona Zambrano is an immigration detainee proceeding with a petition for writ of habeas corpus and motion for temporary restraining order.  Docs. 1, 11.  The Court has previously addressed the legal issues raised by claim one of the petition.  *See, e.g.*, *Ramazan M. v. Andrews*, No. 1:25-CV-01356-KES-SKO (HC), 2025 WL 3145562 (E.D. Cal. Nov. 10, 2025); *R.A.N.O. v. Wofford*, No. 1:25-CV-01535-KES-EPG (HC), 2026 WL 40507 (E.D. Cal. Jan. 6, 2026); *Omer G. G. v. Kaiser*, 815 F. Supp. 3d 1098 (E.D. Cal. 2025).

The Court set a briefing schedule on the petition and ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders and that would justify denying the petition.  Doc. 12.  Respondents "submit there are

1

no significant factual or legal issues in this case that materially distinguish it from the cases identified in the Order." Doc. 13 at 1. While respondents oppose the petition, they do not raise any new arguments. *See id.* at 1–2.[1]

As respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions in *Ramazan M. v. Andrews*, No. 1:25-CV-01356-KES-SKO (HC), 2025 WL 3145562 (E.D. Cal. Nov. 10, 2025), *R.A.N.O. v. Wofford*, No. 1:25-CV-01535-KES-EPG (HC), 2026 WL 40507 (E.D. Cal. Jan. 6, 2026), and *Omer G. G. v. Kaiser*, 815 F. Supp. 3d 1098 (E.D. Cal. 2025), the petition for writ of habeas corpus is GRANTED as to claim one, for the reasons addressed in those prior orders.[2]

Respondents are ORDERED to release petitioner Jose Escalona Zambrano (A-Number: A-221-031-066) immediately. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.[3]

Respondents are ORDERED to provide petitioner with a copy of this Order upon his release.

The Clerk of Court is directed to close this case and enter judgment for petitioner. The

---

[1] Respondents also request, in the alternative, that the Court hold this case in abeyance pending the appeal in *Rodriguez v. Bostock*, No. 25-6842 (9th Cir.), which they argue could resolve the issues raised here. *See* Doc. 14 at 2. But Ninth Circuit precedent counsels against a stay in these circumstances. *See Yong v. I.N.S.*, 208 F.3d 1116 (9th Cir. 2000) (finding district court abused its discretion by indefinitely staying immigrant detainee's habeas case pending resolution of an appeal in another case raising the same issue). "[H]abeas proceedings implicate special considerations that place unique limits on a district court's authority to stay a case in the interests of judicial economy." *Id.* at 1120. An indefinite, potentially lengthy stay in a habeas case pending an appeal in another case is generally inappropriate. *See id.* The Court declines to effectively stay this case by deferring a ruling on the petition.

[2] The Court need not address petitioner's other claims as petitioner is entitled to the relief he seeks based on the Court's ruling on claim one.

[3] This Order does not address the circumstances in which respondents may detain petitioner in the event he becomes subject to an executable final order of removal.

2

Clerk is directed to serve California City Detention Center with a copy of this Order.

IT IS SO ORDERED.

Dated:   May 21, 2026

_____
UNITED STATES DISTRICT JUDGE